CULPEPPER, Judge.
This is an appeal by defendant, Allstate Insurance Company, from a judgment ordering it to pay $12,000 under its uninsured motorist coverage of plaintiff, Earl Bryant. Allstate argues that Gulf States Utilities, the employer of the tort-feasor, is able to pay the amount of the liability of the tort-feasor which his insurance does not cover, so the tort-feasor is not underinsured.
Plaintiff, Earl Bryant, was stopped at a stop light when his truck was struck from the rear by Brenda Ardoin, an on-duty employee of Gulf States Utilities (GSU), driving her personal vehicle. She in turn was struck from the rear by a car driven by Deborah Fowlkes. Bryant filed suit against GSU, State Farm Mutual Automobile Insurance Agency (Ardoin’s liability insurer), Commercial Union Insurance Co. (liability insurer of the car driven by Fowlkes), and Allstate Insurance Company (his own uninsured motorist insurer). Allstate did not sue anyone or file a third party demand against any party.
The jury found Ardoin 100% at fault in causing Bryant’s injuries. They found Bryant entitled to $31,000.
Ardoin had liability insurance in the amount of $10,000. Bryant had uninsured motorist coverage for $10,000 and $2,000 medical payments coverage. The trial judge apportioned the jury award so that State Farm must pay $10,000, Allstate must pay $12,000, and GSU, the tort-fea-sor’s employer, must pay $9,000.
Allstate appeals, contending that the plaintiff may not recover from his own uninsured motorist insurer since GSU, a defendant, was vicariously liable for the tort and was self-insured for an amount sufficient to cover the judgment.
GSU has stated that it is self-insured for up to $250,000. This is not insurance on Ardoin’s vehicle. Uninsured motorist insurance is “for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underin-sured motor vehicles." LSA-R.S. 22:1406D(l)(a). Ardoin’s vehicle was underinsured since the policy covering it had only $10,000 coverage for liability and the judgment was for $31,000. The uninsured motorist carrier is required to pay since the vehicle was underinsured.
The fact that GSU is able to pay the entire judgment is irrelevant to uninsured motorist coverage. The liability of the uninsured motorist carrier arises out of its contract with the insured. The wealth or poverty of the tort-feasor, or those responsible for his acts, does not affect the liability of the uninsured motorist insurer. It is liable only if the tort-feasor is uninsured or underinsured.
Allstate cites Jordan v. Honea, 407 So.2d 503 (La.App. 1st Cir.1981), writ denied, 409 So.2d 654 (La.1982). In that case, plaintiff was a passenger in an automobile which was owned by Browning-Ferris Industries, Inc. It was struck by an uninsured motorist. Plaintiff contended that since Browning-Ferris was a certified self-insured under LSA-R.S. 32:1042, it was statutorily required by LSA-R.S. 22:1406.D to afford uninsured motorist protection on all of its vehicles. The court held that *711 since there was no policy issued on the automobile, the statute did not require that uninsured motorist coverage be rejected. Clearly, that case does not support Allstate’s position in the present matter. It involved a different statute and a different issue, and, if anything, its holding weakens Allstate’s argument.
The judgment of the trial court is affirmed. Costs are assessed to Allstate Insurance Company.
AFFIRMED.
FORET, J., dissents and will assign reasons.