466 So.2d 622 (1985)
Clifford E. ASHLINE
v.
Ronald J. SIMON, United States Fidelity & Guarantee Insurance, and the Hertz Rental Corporation.
No. 84-CA-430.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 1985.
Rehearing Denied April 17, 1985.
Paul W. Grego, New Orleans, for plaintiff-appellant.
Thomas M. Young, Turner, Young & Hebbler, New Orleans, for defendant-appellee.
Before KLIEBERT, CURRAULT, and GRISBAUM, JJ.
CURRAULT, Judge.
This appeal arises from a summary judgment granted to defendant, the Hertz Corporation (Hertz) dismissing plaintiff Clifford Ashline's action against Hertz for uninsured/underinsured motorist coverage.
On December 8, 1980, Clifford Ashline, plaintiff, was struck by an automobile owned and operated by Ronald Simon. At the time the accident occurred, plaintiff was operating a vehicle rented by his employer, Dravco Utility Construction Company from the Hertz Corporation. Ronald Simon was driving an automobile insured by United States Fidelity and Guaranty Company (USF & G).
Thereafter, plaintiff filed suit against Simon and his liability insurer, USF & G; against his own uninsured motorists carrier, United Services Automobile Association (USAA); and against the Hertz Corporation, *623 alleging that it too provided him with uninsured motorists' coverage.
Hertz brought a motion for summary judgment on the grounds that, as a self-insurer, it was not required to provide uninsured motorists' coverage and that under the rental agreement, no uninsured motorists' coverage was provided to Mr. Ashline.
The motion for summary judgment was not opposed by the plaintiff, Ashline. The only opposition was raised by Ashline's uninsured motorists' carrier, USAA. The motion was argued on February 7, 1984; and on March 13, 1984, judgment was entered in favor of Hertz, granting the motion for summary judgment and dismissing it from the lawsuit. Defendant, USAA thereafter perfected an appeal of that judgment.
Appellant presents the following specifications of error for our review;
(1) The district judge erred in finding that Hertz, as a self-insurer, did not provide Mr. Ashline primary uninsured motorist coverage for the December 8, 1980 accident.
(2) The district judge erred in finding that this uninsured motorist coverage was legally and sufficiently rejected by its lessee by the mere signing of the rental contract.
The first error specified by appellant presents the issue of whether a self-insurer is mandated to provide uninsured/underinsured motorist coverage under the Uninsured Motorist Act, Act 494 of 1975, LSA-R.S. 22:1406(D). Appellant argues that the public policy inherent in the U-M statute mandates that the requirement of LSA-R.S. 22:1406(D) be held applicable to self-insurers.
Appellee argues to the contrary citing Jordan v. Honea, 407 So.2d 503 (La.App. 1st Cir.1981), and the Motor Vehicle Safety Responsibility Law, LSA-R.S. 32:851 et seq.[1]
LSA-R.S. 22:1406(D) provides:
"No Automobile Liability Insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this State with respect to any motor vehicle or motor vehicle registered or principally garaged in this State unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of the bodily injury, sickness, or disease, including death, resulting therefrom; provided, however, that the coverage required under this subsection shall not be applicable where any insured named in the policy shall reject the coverage or select lower limits. Such coverage need not be provided in or supplemental to a renewal or substitute policy where the named insured has rejected the coverage or selected lower limits in connection with a policy previously issued to him by the same insurer."
The purpose of the U/M statute is to provide protection to an individual when he becomes the innocent victim of the negligence of uninsured motorists. Hoefly v. Government Employees Ins. Co., 418 So.2d 575 (La.1982). By the same token, the purpose of the Motor Vehicle Safety Responsibility Law is to insure that innocent victims of motor vehicle accidents are compensated for their losses. 27 Tul L.R. 341-342 (1952-1953).
The self-insured status of appellee operates as one of several alternative methods of proof of financial responsibility under *624 the Motor Vehicle Safety Responsibility Law. LSA-R.S. 32:861. Proof of financial responsibility is defined in pertinent part as, "Proof of ability to respond in damages for liability, on account of accidents...." LSA-R.S. 32:1042 provides inter alia:
"A. Any person in whose name more than twenty-five motor vehicles are registered or who owns property in Louisiana assessed in his name having a value of fifteen thousand dollars or more after deducting any encumbrances thereon from its assessed valuation may qualify as a self-insurer by obtaining a certificate of self-insurance issued by the commissioner as provided in Subsection B of this Section.
"B. The commissioner may, at his discretion, upon the application of such a person, issue a certificate of self-insurance when he is satisfied that such person is possessed and will continue to be possessed of ability to pay judgments obtained against such person." (Emphasis added)
Jordan v. Honea, supra, is apparently the sole case in Louisiana to address the issue herein. In Jordan, the Louisiana First Circuit Court of Appeal, with a strong and well-reasoned dissent, held that a certified self-insurer is not mandated to provide uninsured, underinsured motorist coverage under LSA-R.S. 22:1406(d). The court there interpreted the U/M statute to pertain to a "policy" of insurance in order for its provisions to apply. As they further found that a certificate of self-insurance granted by the Commissioner of Public Safety does constitute a "policy" of insurance, the court concluded that the requirement for U/M coverage is inapplicable to self-insurers. We find Jordan, however, distinguishable on its facts.
The Hertz rental agreement provides in part;[2]
9. LIABILITY COVERAGE

Lessor provides liability coverage for Customer and any operator authorized by Lessor in accordance with the standard provisions of a Basic Automobile Liability Insurance Policy, as required in the jurisdiction in which the vehicle is operated, against liability for bodily injury, including death ... and property damage ... arising from use of Vehicle as permitted by this agreement. Coverages hereunder shall automatically conform to the basic requirements of any "No-Fault" Law which may be applicable, but do not include "Uninsured Motorist" or supplementary "No-Fault" or other optional coverage and Lessor and customer hereby reject to the extent permitted by law the inclusion of any such coverage. (Emphasis added)
It is thus apparent that in addition to its self-insured status which protects Hertz against judgments rendered against it, Hertz also provides to the lessee insurance coverage on the same basis as any automobile liability policy. Consequently, we find the uninsured/underinsured statute applies in this case by virtue of the insurance provision of the Hertz rental agreement.
Appellant secondly argues assuming that the U/M statute is found applicable, that the rejection clause in the insurance provision is invalid. In this respect, appellant asserts that the lessee is given no choice in accepting or rejecting the U/M coverage, thus the rejection is invalid under the statute.
Appellee argues that the contract delineated the terms, that those terms are binding on the parties and that further no specific form of rejection is necessary under the statute.
The rejection clause of the insurance provision states in pertinent part:
"Coverage hereunder ..., but do not include `Uninsured Motorist' ... coverage, and Lessor and Customer hereby *625 reject, to the extent permitted by law, the inclusion of any such coverage."
Appellee in argument points the court to the following found in the rental agreement immediately preceding the signature line.
"THIS VEHICLE IS RENTED UPON THE CONDITIONS SHOWN ON THIS PAGE AND UPON THE REVERSE HEREOF. CUSTOMER REPRESENTS HE HAS READ, UNDERSTANDS AND AGREES WITH THE CONDITIONS. ALSO SEE NOTE BELOW."
Appellee states that the customer is referred to conditions which deal with his obligations regarding parking violations and accidents and that immediately below that note, also in bold print, is the instruction "SEE REVERSE SIDE." Appellee asserts these notices in bold print bring to the renter's attention the terms on the opposite side of the agreement, including paragraph 9 dealing with insurance protection and the rejection of uninsured motorists and other optional coverages.
While we agree that the terms and conditions may be binding ordinarily, one of the conditions is a mandatory rejection of U/M coverage. Rather than providing an option to reject as envisioned in the statute, the lessee (or insured) is required to reject coverage. In our opinion, this mandatory condition of rejection is in violation of the public policy inherent in the U/M statute. Consequently, we find the rejection insufficient.
For the foregoing reasons, and after a review of the law and evidence, we therefore hereby reverse the summary judgment granted in favor of the Hertz Corporation and remand the case for proceedings consistent with this opinion.
REVERSED AND REMANDED.
NOTES
[1] During oral argument, appellee cited the recent case of Bryant v. Gulf States Utilities Co., et al, 460 So.2d 709 (La.App. 3d Cir.1984) in further support of its position. We find the case inapplicable as it does not address the issue presented herein. Bryant involves the question of whether the plaintiff's U/M carrier is properly cast despite the fact that the tortfeasor has available self-insurance in excess of the damages awarded. The case, with one dissent, was resolved against the U/M carrier.
[2] The entire contract is not made part of the record. The provision cited is from the brief presented by appellee Hertz.