468 So.2d 666 (1985)
Luke HARRISON
v.
Monoton PETRI & New Orleans Public Service, Inc.
No. CA 2796.
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 1985.
Paul J. Galuszka, Raymond S. Steib, Jr., New Orleans, for appellant.
James Maher, III, New Orleans Public Service, Inc., New Orleans, for appellee.
Before GULOTTA, CIACCIO and ARMSTRONG, JJ.
CIACCIO, Judge.
Plaintiff was employed as a bus driver by New Orleans Public Service, Inc. A collision occurred between a bus driven by plaintiff and a vehicle driven by defendant Petri. Plaintiff sued to recover for personal injuries allegedly sustained in the collision. Plaintiff named as defendants Petri and his insurer, and NOPSI for uninsured/underinsured motorist coverage.
NOPSI moved for summary judgment alleging the absence of any material issue of fact and arguing its entitlement to judgment as a matter of law on the ground that NOPSI is self-insured and does not have UM coverage. The trial court granted the motion for summary judgment, dismissing plaintiff's demand against NOPSI. Plaintiff has appealed. We affirm.
Appellant offers two arguments supporting his position that the trial court erred. The first argument focuses upon the existence of excess insurance coverage maintained *667 by NOPSI in addition to its self-insured limits. The second argument calls for disapproval of the holding in Jordan v. Honea, 407 So.2d 503 (La.App. 1st Cir. 1981), writ denied, 409 So.2d 654 and 660 (La.1982).
NOPSI's self-insured retained limit is $100,000.00 each occurrence. Plaintiff's petition assesses his damages at $70,000.00. We, therefore, do not need to reach the issue concerning UM coverage in connection with the excess liability insurer of a self-insured.
As to whether a self-insured is required to provide UM coverage within its self-insured retained limits, we agree with the holding in Jordan v. Honea, supra. La.R.S. 22:1406 D. (1)(a) provides, generally, that auto liability insurance policies shall be issued with UM coverage provided unless such coverage is rejected by any insured named in the policy. Louisiana does not universally require UM coverage; insureds may reject UM coverage. If those insured commercially may reject UM coverage, so too may those self-insured. As to appellant's argument that there should be some procedural requirement for self-insureds to reject UM coverage, the statute does not so require and we agree with the Jordan v. Honea conclusion that such a requirement is impracticable and unnecessary.
Appellant has cited to us the decisions of courts in other states which require self-insureds to provide UM coverage. We have reviewed the decisions cited. In all of the cases appellant cites, the state involved required UM coverage on all vehicles registered or principally garaged in that state. An insured's option of rejecting coverage was not available. The courts of those states thus decided that since all vehicles needed UM coverage, self-insureds could not dispense with the required protection.
As noted above, Louisiana does not require all vehicles to carry UM coverage. We, therefore, find no requirement for self-insureds to provide UM protection within the self-insured retained limits. Accordingly, the judgment of the trial court is affirmed.
All costs are to be paid by appellant.
AFFIRMED.