499 So.2d 392 (1986)
Anita BORDELON, et al.
v.
Michael JACKSON, et al.
No. CA-5157.
Court of Appeal of Louisiana, Fourth Circuit.
November 14, 1986.
Perrin C. Butler, Robert C. Stern, Perrin Butler, Ltd., Metairie, for plaintiffs-appellants.
Vincent Paciera, Jr., Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, New Orleans, for defendant-appellee U.S. Fidelity & Guar. Co.
*393 Stephen N. Elliott, Mickey S. deLaup, Bernard, Cassisa, Saporito & Elliott, Metairie, for defendant-appellant Sentry Indem. Co.
Before GARRISON, CIACCIO, and LOBRANO, JJ.
LOBRANO, Judge.
This litigation arises from a vehicular collision which occurred on or about December 26, 1982 on the Interstate 10 West off ramp located in Kenner, Louisiana. Plaintiffs, Anita Bordelon, wife of/and Kirby J. Ducote, were the occupant and operator, respectively, of a 1981 Ford Grenada automobile owned by the Archdiocese of New Orleans.
The vehicle occupied by plaintiffs was struck by a 1977 Oldsmobile owned and operated by Michael Jackson. This accident was the climax of a high speed chase between Mr. Jackson, the New Orleans Police Department and the Louisiana State Police.
At the time of the accident, plaintiffs maintained insurance, including uninsured motorists coverage, with Sentry Insurance Company, on their own vehicles. Additionally, the 1981 Ford Grenada owned by the Archdiocese of New Orleans was covered by a business automobile policy issued by United States Fidelity and Guaranty Company (hereinafter referred to as USF & G).
Plaintiff filed the instant suit against the adverse driver, Sentry Insurance Company pursuant to their UM coverage and USF & G, alleging that the latter also provided UM coverage. USF & G moved for a summary judgment contending that it provided no uninsured motorist coverage under its policy with the Archdiocese. The trial court upheld the motion and plaintiffs perfected this appeal.
The issues presented for our review are: (1) whether the Archdiocese, as lessor of the vehicle, can waive UM coverage for its lessee, plaintiffs; (2) must an insured, under a fleet policy, waive UM coverage each time a vehicle is added; and (3) did John Lawson, the insurance commissioner for the Archdiocese, have the authority to waive UM coverage.
The record shows that plaintiffs do public relations work for the Archdiocese. By oral agreement, they leased a vehicle from the Archdiocese in connection with their work for approximately $150.00 per month. In addition to the lease payment, plaintiff paid the Archdiocese $1,000.00 per year for insurance.
The USF & G policy in question was a business automobile liability policy covering the fleet of vehicles owned by the Archdiocese. The policy provided that each new car purchased by the named insured during the policy period was automatically provided with the same coverage provided on all other vehicles already owned by the named insured. The named insured under the policy was the Roman Catholic Church of the Archdiocese of New Orleans.
The policy in effect at the time of the accident was a renewal of a previous policy. Attached to that previous policy was a written rejection of uninsured motorist coverage executed by John Lawson, the insurance Commissioner for the Archdiocese. This rejection stated that the uninsured motorist coverage was being rejected in its entirety and that such rejection would continue for each and every policy issued to the Archdiocese until another rejection or selection was made in writing.
La.R.S. 22:1406 D(1)(a) provides:
"No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of *394 bodily injury, sickness, or disease, including death, resulting therefrom; provided, however, that the coverage required under this Subsection shall not be applicable where any insured named in the policy shall reject in writing the coverage or selects lower limits. Such coverage need not be provided in or supplemental to a renewal or substitute policy where the named insured has rejected the coverage or selected lower limits in connection with a policy previously issued to him by the same insurer. Any document signed by the named insured or his legal representative which initially rejects such coverage or selects lower limits shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto." (emphasis added)
Plaintiffs argue that it is contrary to public policy to allow a lessor to waive uninsured motorist coverage on behalf of his lessee, citing Ashline v. Simon, 466 So.2d 622 (La.App. 5th Cir.1985), cert. denied 472 So.2d 28 (La.1985). In Ashline plaintiff was a lessee of Hertz Rent-a-Car. Hertz was self insured, and in its standard form rental agreement provided for the mandatory rejection by its lessee of UM coverage. Ashline is clearly distinguishable from the instant case in that the Archdiocese is not self insured as was Hertz, and further the plaintiff in Ashline became a named insured in the Hertz contract. That contract provided for a mandatory rejection.
Recently, in Donnelly v. Greyhound Rent-a-Car, 490 So.2d 377 (La.App. 4th Cir.1986), writs denied 493 So.2d 1220 (La.1986) this Court held that the lessor of a vehicle insured by a policy of insurance issued in Florida was not bound by the provisions of La.R.S. 22:1406 D(1)(a). Plaintiff in that case argued, inter alia, that by including in its rental agreement the representation that a leased vehicle is covered by a liability insurance policy, the lessor was, in effect, issuing insurance in Louisiana, and as such was bound to give the lessee the option of rejecting UM coverage. We disagreed and held that UM coverage is included in a standard liability policy unless rejected by the "named insured" and that a lessee is not a "named insured" in the policy for purposes of UM rejection, even though he is an insured under its liability provisions. We adopt the same reasoning in the instant case. Where the lessor of a motor vehicle is the only "named insured" in the policy of insurance covering said vehicle, and said "named insured" rejects UM coverage, that coverage will not be afforded to the "non-named insured" lessee. We abide by the plain wording of the statute and the will of the legislature. (But see, Tapia v. Ham, 480 So.2d 855 (La.App. 2nd Cir.1985), cert. denied 484 So.2d 138).
Plaintiff also argues that the Archdiocese should be required to reject UM coverage on each vehicle covered under the USF & G policy each time a vehicle was added to its fleet. We disagree. The policy does not describe each covered vehicle, nor does it require a new policy each time a vehicle is added or deleted. The named insured chose to have the uninsured motorist rejection continue in effect for each car added to the policy. We find no prohibition in the law for this type policy, nor do we find any authority requiring the named insured to reject UM coverage each time a vehicle is added to the policy.
Lastly, plaintiff argues that John Lawson, the insurance commissioner for the Archdiocese, did not have the authority to reject the UM coverage. This is a question of fact which we believe is resolved by the affidavits of Lawson and Monsignor Charles Duke. Both affidavits clearly establish that Lawson had the authority to handle all insurance matters on behalf of the Archdiocese. There is no evidence in the record to the contrary. Obviously, plaintiff cannot argue that he had the authority to purchase the insurance, but did not have the authority to reject UM coverage.
*395 For the above and foregoing reasons, the judgment is affirmed.
AFFIRMED.