532 So.2d 838 (1988)
Lidia A. POLLARD, et al.
v.
CHAMPION INSURANCE COMPANY, et al.
No. 88-CA-0324.
Court of Appeal of Louisiana, Fourth Circuit.
September 29, 1988.
Writ Denied December 2, 1988.
*839 James L. Donovan, Jr., Donovan & Lawler, Metairie, for Budget Rent A Car of New Orleans, Inc.
Frank J. D'Amico (APLC), Frank J. D'Amico, Jr., New Orleans, for Lidia A. Pollard.
Before WARD, WILLIAMS and PLOTKIN, JJ.
WARD, Judge.
On August 11, 1985, while driving a vehicle owned by Budget Rent-A-Car of New Orleans, Inc. Lidia Pollard was injured by an alleged underinsured motorist. Pollard sued Budget, claiming she was entitled to uninsured motorist coverage under her rental contract with Budget. Budget denied UM coverage, maintaining that as a "self insured" under the Motor Vehicle Safety Responsibility Law, it was exempt from the Louisiana Insurance Code and was not required to offer UM coverage to Pollard, as an insured. Budget and Pollard moved for summary judgment on the issue, and the Trial Court denied Budget's motion and held "Pollard be afforded" UM coverage. Budget has appealed.
At the outset, it is questionable whether summary judgment was appropriate under the facts of this case. Smith v. Hanover Ins. Co., 363 So.2d 719 (La.App. 2d Cir.1978). Although summary judgment may be rendered on the issue of liability, La.C.C.P. art. 966(C), the Trial Court did not decide the issue of liability, only the issue of UM coverage. Conceivably Pollard could be entirely at fault, partially at fault, or without fault. Only if the summary judgment resolved the issues of coverage and Pollard's fault is there a final judgment on the issue of liability which may be appealed. Hence the Trial Court erred in signing the order of appeal.
Nonetheless, because both parties have briefed and argued the issue, the appeal will be considered as a writ accepted under the general supervisory jurisdiction of this Court.
The issue is whether the Budget rental contract provided UM coverage to Pollard when Budget was a self insured on the date of the accident. We agree with the ruling of the Trial Court that the Budget rental contract required Budget to offer UM coverage.
La.R.S. 22:1406 provides in part:
D. The following provisions shall govern the issuance of uninsured motorist coverage in this state:

*840 (1)(a)(i) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state or as provided in this Subparagraph unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefore; provided, however, that the coverage required under this Subsection shall not be applicable where any insured named in this policy shall reject in writing, as provided herein, the coverage or selects lower limits....
In other words, if an insurer offers automobile liability insurance, the insurer must also offer UM coverage which is deemed included in the contract unless specifically rejected by the insured.
Budget relies on Jordan v. Honea, 407 So.2d 503 (La.App. 1st Cir.1981) and Harrison v. Petri, 468 So.2d 666 (La.App. 4th Cir.1985) to support its argument that as a self insured it is not required to provide UM protection to those who rent its vehicles.
In Jordan, the plaintiff was a passenger in a car owned by Browning-Ferris Industries and driven by one of its employees. The Court held that since Browning Ferris was a self insured, and a self insured company vehicle was involved, Browning-Ferris could not execute a written waiver of UM coverage because there was no policy of insurance to attach the waiver to; moreover, there was no person, office, agency or other legal entity provided by statute to receive the rejection of UM coverage. 407 So.2d at 505.
In Harrison, the plaintiff was a NOPSI bus driver who sustained injuries when the bus he was driving was struck by another vehicle. The plaintiff sued NOPSI claiming NOPSI must provide uninsured/underinsured motorist coverage for a self insured company vehicle, the bus. This Court upheld the denial of UM coverage, approved the holding in Jordan, and observed that Louisiana does not require a self insured to provide UM coverage on self insured vehicles.
These cases are not applicable to the facts of this case.
What distinguishes both Jordan and Harrison from the Pollard case is that the drivers in each case were agent-employees of the owner. The owners as self insureds did not furnish either the employee driver in Jordan or the employee bus driver in Harrison automobile liability insurance coverage. Louisiana has not required self insureds to provide uninsured motorist coverage as to vehicles owned by the self insured. Budget, on the other hand, provided liability insurance coverage to Pollard in the rental contract. The contract says:
[Budget] provide[s] to the renter, and additional driver, liability coverage within the limits of liability equal to the minimum limits required by the compulsory motor vehicle liability security law (or so called `financial responsibility law') of the state in which the vehicle is rented.
Further evidence that Budget provided insurance is that part of the rental contract through which Pollard purchased from Budget additional accident insurance. Pollard paid a premium to Budget for coverage which was described on the Budget rental contract:
Personal Accident Ins.
$150,000 with Medical
By this acceptance renter purchases accident insurance as described in the certificate of insurance (available on request) and agrees to pay therefore a premium as shown in the adjoining column.
This additional insurance, not dependant upon the fault of Pollard or anyone else, is suspiciously similar to a "medical pay" provision of a standard automobile liability *841 insurance policy and reinforces the conclusion that Budget furnished automobile liability insurance coverage within the meaning of the UM statute.
The factual situation in this case is remarkably similar to the facts the Fifth Circuit considered in Ashline v. Simon, et al, 466 So.2d 622 (La.App. 5th Cir.1985). There the Court found that in addition to its self insured status, Hertz also provided to its lessee insurance coverage just as any other insurer who issues an automobile liability policy and that Court held that the UM statute applied by virtue of the insurance provision of the Hertz rental agreement.
Budget contends Ashline is inapposite to the present controversy because Budget agreed to provide liability coverage only within the limits of the Louisiana Motor Vehicle Liability Security Law through its self insured status. We reject this argument; the difference in the wording of the Hertz and Budget contracts is insignificant. Both rental contracts include provisions for liability insurance for the renter of the automobile, and in substance, both rental contracts contain automobile liability insurance issued in this state with respect to a motor vehicle covered by the statute. As a result the UM statute is applicable; Budget must offer UM coverage equal to liability limits, and the offer must be specifically rejected, or Budget is deemed to have provided UM coverage by the statute. La.R.S. 22:1406.
Although Budget vigorously rejects any suggestion that it must offer UM coverage, Budget alternatively argues that UM coverage was rejected by the rental contract. The clause in question reads:
The insurance coverage referred to in this paragraph 7 does not apply: (a) To damages caused to any person, including Renter and driver, by an uninsured motorist or uninsured motor vehicle....
In Ashline the court examined the Hertz exclusion clause which read:
"Coverage hereunder ..., [does] not include `Uninsured Motorist' ... coverage, and Lessor and Customer hereby reject, to the extent permitted by law, the inclusion of any such coverage." 466 So.2d 624, 625.
Determining the Hertz rejection clause invalid under La.R.S. 12:1406 the Ashline court merely recognized the long standing rule that if liability coverage is offered, uninsured motorist coverage in not less than the limits of bodily injury liability must also be offered. The Court said:
While we agree that the terms and conditions may be binding ordinarily, one of the conditions is a mandatory rejection of U/M coverage. Rather than providing an option to reject as envisioned in the statute, the lessee (or insured) is required to reject coverage. In our opinion, this mandatory condition of rejection is in violation of the public policy inherent in the U/M statute. Consequently, we find the rejection insufficient.
466 So.2d 624, 625.
The Budget rental contract is less specific than the Hertz contract in Ashline and certainly does not comply with the requirements for rejection of UM coverage.
We, therefore, conclude that through its rental contract Budget provided and issued liability coverage to Pollard as a driver of its leased vehicle. As a consequence Pollard must have had the opportunity to reject UM insurance coverage and any rejection must have been in writing and signed by Pollard. Because Pollard did not reject UM coverage Budget, has provided Pollard with uninsured motorist coverage.
For the foregoing reasons, we agree with the Trial Court. Costs of this appeal are assessed against Budget Rent A Car of New Orleans, Inc.
AFFIRMED.