582 So.2d 1337 (1991)
Ron A. QUITTEM
v.
NATIONAL CAR RENTAL SYSTEMS, INC.
No. 90-CA-1033.
Court of Appeal of Louisiana, Fourth Circuit.
May 30, 1991.
Rehearing Denied August 27, 1991.
Stephen B. Murray, Patricia R. Murray, New Orleans, for plaintiff/appellant.
John M. Holahan, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendant/appellee.
Before LOBRANO and BECKER, JJ., and PRESTON H. HUFFT, J. Pro Tem.
PRESTON H. HUFFT, Judge Pro Tem.
The sole issue in this appeal is whether an automobile leasing company, which is not self-insured, is required by LSA-R.S. 22:1406(D) (the "Uninsured Motorist Statute") to offer uninsured motorist (UM) coverage to its lessees. Because we find that it is required to do so, we reverse the trial court judgment granting a motion for summary judgment in favor of the defendant National Car Rental Systems, Inc.

Facts
Plaintiff Ron A. Quittem entered an automobile leasing agreement with defendant National Car Rental Systems on June 7, 1985. The agreement contained the following provision, captioned "Liability Insurance":
Authorized Driver is covered by an automobile liability insurance policy or qualified self-insurance arrangements, on a primary basis in respect to other insurance for bodily injury or death (limits *1338 $100,000 each person, $300,000 each accident) and for property damage (limit $25,000) for each accident arising from use of Vehicle as permitted by this Agreement. Minimum Mandatory No Fault coverage, as required by applicable law, is also provided. Company will not provide "Uninsured Motorist" coverage[,] "Underinsured Motorist" coverage or supplementary "No Fault" unless such coverages are required to be provided by applicable law and cannot be rejected. If required and not rejectable, the limits will be the minimum required by law....
National purchased an automobile liability insurance policy covering its leased automobiles between September 1, 1982 and September 1, 1985 from Traveler's Insurance Co. As a part of that insurance policy, Roland L. Krefall, director of insurance for National, executed a document rejecting UM coverage.
On June 7, 1985, Quittem was injured in an accident in Lafayette, Louisiana while driving the leased automobile. At least one of the other drivers involved in the accident was uninsured.
Quittem filed suit against National and ABC Insurance Co. to recover damages sustained in the accident. National answered the suit, denying liability for the actions of the uninsured motorist on the basis of the provision of the rental agreement cited above plus the fact that National's policy with Travelers includes Krefall's rejection of UM coverage. The parties filed cross motions on the issue of whether the rental car company was required to offer UM coverage to the lessee under the provisions of the Uninsured Motorist Statute. The trial court granted the motion for summary judgment filed by National, without written reasons. Plaintiff has appealed.

Uninsured Motorist Statute
The Uninsured Motorist Statute provides, in pertinent part, as follows:
No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle designed for use on public highways and required to be registered in this state or as provided in this Subparagraph unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; provided, however, that the coverage required under this Subsection shall not be applicable where any insured named in the policy shall reject in writing, as provided herein, the coverage or selects lower limits....
LSA-R.S. 22:1406(D)(1)(a)(i). (Emphasis added.)
Essentially, the above provision requires that all automobile liability insurance policies issued in this state contain UM coverage in the amount of the liability coverage, unless the insured party rejects UM coverage in writing or selects lower limits. The dispute in the instant case is simpleNational claims that Krefall's rejection of UM coverage in the policy with Travelers was sufficient to fulfill the requirements of the statute because National was the "named insured;" Quittem claims that the UM statute requires that automobile leasing agencies provide lessees an opportunity to accept or reject UM coverage rather than rejecting UM without giving the lessee any choice in the matter.
Generally, the purpose of the UM statute is to assure the recovery of damages suffered by innocent parties involved in automobile accidents when the negligent party has failed to fulfill his obligation to purchase liability insurance. Hoefly v. Government Employees Ins. Co., 418 So.2d 575, 578 (La.1982). In that situation, the UM coverage provides protection to the party injured through no fault of his own. *1339 Id. It is to be construed liberally to carry out its purpose. Id.

Prior Jurisprudence
The exact issue presented by this appeal has been addressed by three of the five circuit courts of appeal in Louisiana. Both the second circuit and the fifth circuit have concluded that LSA-R.S. 22:1406(D) requires that automobile leasing agencies give their lessees an opportunity to accept or reject UM coverage. Jones v. King, 549 So.2d 350 (La.App. 5th Cir.1989); Tapia v. Ham, 480 So.2d 855 (La.App. 2d Cir.1985), writ denied 484 So.2d 138 (La. 1986); Ashline v. Simon, 466 So.2d 622 (La.App. 5th Cir.), writ denied 472 So.2d 28 (La.1985). Ashline and Tapia involved automobile agencies which purchased insurance from third parties and rejected UM coverage, while Jones involved a self-insured. In all three cases, the courts rejected the rental agencies' contentions that their agreements with the lessees, which did not provide for UM coverage, should govern. In Ashline, the court stated specifically that the rental agreement which mandated that the lessee reject UM coverage was invalid as a violation of public policy. 466 So.2d at 625.
The jurisprudence on this issue in this circuit has been somewhat inconsistent. In its first pronouncement on the issue presented by this case, in Donnelly v. Greyhound Rent-A-Car, 490 So.2d 377 (La.App. 4th Cir.), writ denied 493 So.2d 1220 (La.1986),[1] the court held that an automobile leasing agency has no obligation to provide lessees an opportunity to accept or reject UM coverage, but may reject UM coverage in its insurance contract with a third party and impose that rejection on its lessees. The court stated that Tapia incorrectly found that the UM statute imposed UM coverage unless rejected by "the insured," because the statutory language is "any insured named in the policy." Id. at 379. The only "insured named in the policy" in that case, the court said, was the lessor, Rent-A-Car Corporation. Id. Thus, the court reasoned, a written rejection of UM coverage by an authorized agent of the leasing company was sufficient compliance with the statutory requirements. Id.
The facts in Donnelly were further distinguished from those in Tapia, as follows:
Conceivably Tapia's result is based on the theory that its rental contract constituted the issuance of insurance in Louisiana, because (1) that contract declared that "licensee provides insurance coverage..." and (2) "[a] premium for this coverage" was charged by the licensee. Whatever the merit of that theory, we distinguish our case factually in that (1) our rental contract does not say that lessor "provides insurance coverage," but that "The vehicle is covered by a liability insurance policy (or a certificate of self-insurance, where applicable), and (2) no premium was charged for insurance.
Id.
In its second pronouncement on this issue, in Pollard v. Champion Ins. Co., 532 So.2d 838 (La.App. 4th Cir. 1988), this court held that a self-insured automobile rental company is deemed to have provided UM coverage to its lessees when the rental agreement provides for liability insurance and that the provision in the rental agreement that UM coverage was not provided was an insufficient rejection under the provisions of LSA-R.S. 22:1406(D). In coming to that conclusion, the court does not cite Donnelly, but refers only to the fifth circuit's opinion in Ashline. The only factual difference between Pollard and Donnelly is that Pollard involved a self-insured automobile rental agency, while Donnelly involved an agency insured by an insurance company.
After considering all of the above cases, we have concluded that self-insured automobile rental agencies should not be subject to a different rule than that applied to *1340 agencies which contract with third parties to provide insurance for their rental cars. In Jones, 549 So.2d at 350, the court recognized the inescapable fact that a self-insured automobile leasing agency "place[s] itself in the position of a vehicle liability insurer." The reality is that all automobile rental agencies place themselves in the same position as liability insurers because they effectively "sell" insurance to their lessees. If the agency contracts with a third party to provide the insurance coverage, the agency then effectively "sells" a portion of that policy to each of its lessees. The vast weight of the jurisprudence, including the most recent case in this circuit, holds that rental agencies are thus required to offer their lessees an opportunity to accept or reject UM coverage, just as any other automobile liability insurer; we believe that is the better rule, the one most consistent with the legislative intent of the UM statute.
Our study of the reasoning behind the decision in Donnelly convinces us that it was incorrect. The distinctions Donnelly draws between its facts and the facts in the Tapia case are largely semantic. Whether the rental agreement states that "Licensee provides insurance coverage" or that "The vehicle is covered by a liability insurance policy" should not be controlling. In either case, the rental agency is providing an automobile liability policy to protect the lessee, and that is the only prerequisite to the mandatory requirement that UM insurance be provided unless rejected in writing established by the UM statute. Additionally, it should not matter whether the rental agreement reflects a separate charge for insurance coverage; the fact is that the lessee is charged for insurance coverage whether that charge is detailed separately or not. Therefore, the decision in Donnelly is overruled to the extent it is inconsistent with this opinion.[2]
The recent decision of the Louisiana Supreme Court in Hearty v. Harris, 574 So.2d 1234 (La. 1991) also supports our decision in this case. In Hearty, the court was concerned with a different insurance issue whether a self-insured automobile rental agency is required to provide omnibus coverage for persons driving with the permission of the person who signs the rental agreement. However, the court cites Jones and Pollard for the proposition that "the appellate courts correctly held that the lease agreement, which provided liability insurance to the lessee, was deemed to provide uninsured motorist coverage because La.R.S. 22:1406(D) requires all "automobile liability policies" to include uninsured motorist coverage unless specifically rejected in writing." Id. at 1240. Additionally, the majority opinion, the concurring opinion, and the dissenting opinion in Hearty all recognize that automobile rental agencies "sell" liability insurance to their lessees, regardless of whether they are self insured or insured by an insurance company.

Conclusion
For the above and foregoing reasons, the decision of the trial court granting the defendant's motion for summary judgment is reversed. The case is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
NOTES
[1] The parties also cite Bordelon v. Jackson, 499 So.2d 392 (La.App. 4th Cir. 1986) as controlling precedent on this issue. However, we find Bordelon easily distinguishable on its facts. First, the lessor in that case was the Archdiocese of New Orleans, not an automobile rental agency. Second, the lessor was not made a defendant in the Bordelon case, only the lessor's insurance company. Thus, the decision in that case has no bearing on the decision in the instant case.
[2] In accordance with the internal rules of the court, the proposal to overrule this court's previous decision in Donnelly to the extent that it is inconsistent with the instant decision has been submitted to the court en banc. All judges (Chief Judge Patrick M. Schott, Judge Jim Garrison, Judge Denis A. Barry, Judge Robert J. Klees, Judge William H. Byrnes III, Judge Philip C. Ciaccio, Judge Robert L. Lobrano, Judge David R.M. Williams, Judge Joan Bernard Armstrong, Judge Steven R. Plotkin, and Judge Rudolph F. Becker III) have voted to overrule Donnelly. Judge Charles R. Ward recused himself.