670 So.2d 792 (1996)
Ofelia TIJERINA, et al, Plaintiffs-Appellants,
v.
William STAWECKI, et al., Defendants-Appellees.
No. 95-1200.
Court of Appeal of Louisiana, Third Circuit.
March 6, 1996.
Russell T. Tritico, Lake Charles, for Ofelia Tijerina et al.
Michael Keith Prudhomme, Lake Charles, for William Stawecki et al.
*793 Thomas Guy Henning, Lake Charles, for State Farm Auto Insurance.
Jeffrey Martin Cole, Kathleen Kay, Lake Charles, for Alamo Rent-A-Car Inc. & Liberty Mutual Ins. Co.
Before COOKS, DECUIR and GREMILLION, JJ.
COOKS, Judge.
Sylvia Arment rented a car from Alamo Rent-A-Car at the New Orleans Airport on March 8, 1987. That same day, while driving the car in Lake Charles, she was involved in an accident. Riding with Sylvia Arment were Ofelia Tijerina (her mother), Mary Tijerina (her sister) and Eric Villasenor (Mary's son). All were injured; however, Ofelia's injury was the most serious. Sylvia's vehicle was struck by a car owned, operated by William Stawecki, and insured by Government Employers Insurance Company (GEICO). GEICO paid the limits of its policy ($100,000), but plaintiffs' claims were greater than $100,000, leaving Stawecki underinsured. Plaintiffs then sought uninsured motorist coverage from Alamo's insurer, Liberty Mutual Insurance Company.
Plaintiffs asserted Liberty Mutual issued a primary policy to Alamo with coverage limits of $1,000,000 available as U/M benefits. Countering, Liberty Mutual asserted Alamo validly rejected U/M coverage in a separate instrument signed by Michael H. Cole, its executive officer. Liberty Mutual filed a motion for summary judgment on this issue. The motion was denied by the trial court. Following a full trial on the existence of coverage, the trial court concluded Liberty Mutual's primary policy did not provide U/M coverage to Alamo at the time of the accident. However, the court found the excess policy issued by Liberty Mutual to Alamo provided U/M coverage for an amount exceeding the limits of the primary policy ($1,000,000) up to the limits of the excess policy ($9,000,000).
Plaintiffs' filed a Motion for New Trial seeking to set aside the trial court's ruling that the primary policy afforded no U/M coverage. The trial judge denied the motion. Further, he ruled that the excess policy issued by Liberty Mutual would not provide U/M coverage until there was an award in excess of the primary policy.
Plaintiffs lodged this appeal, asserting the following assignments of error:
1. The trial court committed an error of law by concluding that U/M coverage on the primary policy issued by Liberty Mutual had been validly rejected by Alamo.
2. The trial court committed an error of law in finding that although there was coverage for any amount over one million dollars up to nine million dollars on the excess (umbrella) policy issued by Liberty Mutual to Alamo, that this coverage would not drop down until such time as the first million dollar U/M coverage had been exhausted.

ANALYSIS
The rejection form signed by Michael Cole does not indicate when it was signed. It does state the rejection would be "effective 6/1/86." Plaintiffs contend since the rejection form was not dated, it is not valid. In support of this contention plaintiffs cite the case of Roger v. Estate of Moulton, 513 So.2d 1126 (La.1987). However, their reliance on this case is misplaced. The court in Roger stated:
"Accordingly to effect a valid rejection of the U/M coverage under La.R.S. 22:1406(D)(1)(a), the insured or his authorized representative must expressly set forth in a single document that U/M coverage is rejected in the State of Louisiana as of a specific date in a particular policy issued or to be issued by the insurer. A writing, regardless of the intention of the insured, of a less precise nature is insufficient to effect a valid rejection." (Emphasis ours)
The rejection form in this case had an effective date of 6/1/86, which meets the requirement of Roger and the U/M statute.
Plaintiffs also argue the trial court erred in relying on extrinsic evidence to determine when the rejection form was signed. Specifically, plaintiffs argue the court relied on the following extrinsic evidence: 1) a letter from Susan J. Askew of Alamo, to Louise Wilkins of Liberty Mutual, enclosing U/M *794 rejection forms executed by Alamo; and, 2) an affidavit from Louise Wilkins, identifying the letter transmitting the signed rejection form back to Liberty Mutual. Once the validity of the rejection form is questioned, it is proper to search beyond the "four corners" of the form to determine when it was signed and whether there was an attempt to reform the policy after a claim arose. In Alford v. Woods, 614 So.2d 1299 (La.App. 3 Cir.), writ denied 617 So.2d 915 (La.1993), this court relied on extrinsic evidence to determine the validity of a rejection form. We stated as follows:
"Millers argues that the rejection form is not valid and that parole evidence is not admissible to prove that the City of New Iberia validly rejected uninsured motorists coverage. Appellant's contention of inadmissible parole and extrinsic evidence is without merit. Although parole evidence may not be introduced to vary the actual terms or provisions of a policy, evidence may be introduced to determine whether a policy is in force. Rockhold v. Department of Transportation and Development, 528 So.2d 749 (La.App. 4th Cir1988), w.d. 533 So.2d 21 (La.1988). At issue in the matter sub judice is whether uninsured motorist coverage was in force and effect at the time of the accident."
Plaintiffs also contend even if we determine failure to inscribe in the form the date it was signed does not invalidate the rejection, nevertheless the rejection should not be allowed because as a leasing agency Alamo placed itself in the same position as a liability insurer because it essentially sold insurance to its lessee. Plaintiffs offer Quittem v. National Car Systems, 582 So.2d 1337 (La.App. 4 Cir.1991), as the dispositive case on this point. As such, plaintiffs contend, Alamo was required to offer its lessee, here Sylvia Arment, an opportunity to reject U/M coverage. Thus, Plaintiffs insist Alamo's rejection of U/M coverage is not valid against their claims arising from Sylvia Arment's use of the insured vehicle. However, neither Quittem nor La.R.S. 22:1406D(1)(b) prohibits a leasing company from rejecting U/M coverage. The Plaintiffs correctly note the court in Quittem held a car rental agency stands in the shoes of an insurer when it deals with its lessee, and the lessee should be given the opportunity to accept or reject U/M coverage. However, that responsibility is first placed on the shoulders of Alamo and not Liberty Mutual. Alamo is not a party to this lawsuit; and, thus the issue of its liability is not before us.
Plaintiffs' second assignment of error asserts the trial court erred in concluding Liberty Mutual's excess policy would not provide U/M coverage until there was an award in excess of the underlying policy. Plaintiffs cite Southern American Insurance Company v. Dobson, 441 So.2d 1185 (La.1983). In that case, the Supreme Court stated excess insurance carriers are also required to provide U/M protection unless validly rejected by the insured. Alamo did not reject the U/M coverage in its excess policy. Liberty Mutual's excess policy, thus, provides U/M coverage to Alamo. However, in Washam v. Chancellor, 507 So.2d 806 (La. 1987), the Louisiana Supreme Court held before an excess policy providing for U/M coverage is available the limit of the underlying policy must be exhausted. The trial court correctly held Liberty Mutual's excess policy does not provide coverage until there is an award in excess of $1,000,000.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against plaintiffs-appellants.
AFFIRMED.