580 So.2d 1109 (1991)
Frank ROBINSON
v.
David MOORE, Magruder's Car Truck Leasing Services Inc. and Progressive American Insurance Company.
No. 90-CA-1697.
Court of Appeal of Louisiana, Fourth Circuit.
May 30, 1991.
*1110 Marvin C. Grodsky, New Orleans, for plaintiff/appellee.
Geoffrey P. Snodgrass, Fred T. Hinrichs, Christovich & Kearney, New Orleans, for defendants/appellants.
Stephen B. Emling, Hartman & Associates, Metairie, for defendant/appellee.
Before KLEES, CIACCIO and PLOTKIN, JJ.
PLOTKIN, Judge.
This claim for insurance benefits was brought by plaintiff Frank Robinson against his insurer, defendant Progressive American Insurance Co. (PAIC), under the uninsured motorist (UM) coverage of his automobile liability insurance policy. The trial judge bifurcated the trial, hearing at the bench matters of law, and reserving jury trial on matters of fact until this appeal was taken. Both plaintiff and defendant assign errors of law. After review of briefs, trial record, and oral argument, we find that the rulings by the trial court were not manifestly erroneous and affirm.

FACTS
This multiparty case involves a complex factual and procedural history. In summary, the pertinent facts are as follows: Plaintiff Frank Robinson was injured in an intersectional accident when the car he was driving was struck by a truck driven by David Moore on March 2, 1985. Robinson's car was leased from General Electric Credit Auto Lease, Inc. (GECAL) which also sold him automobile liability insurance, part of a group policy issued to GECAL by PAIC. Moore's vehicle was leased from defendant Magruder's Auto-Truck Leasing Service, Inc. (Magruder). Although Moore was required to provide automobile liability coverage by his lease with Magruder, he failed to do so. Therefore, Robinson filed suit against PAIC as the UM carrier on his automobile. Additionally, Robinson filed suit against Moore, Magruder, and United States Fidelity and Guaranty Company (USF & G), which insured a fleet of vehicles owned by Magruder. PAIC asserted a cross claim against Moore, Magruder and USF & G in subrogation for any amount it might be required to pay Robinson.
After Robinson filed this claim, GECAL brought suit against him for failure to pay lease fees due on his wrecked car. Robinson's motion to consolidate all parties and actions in one case was denied. Robinson then joined PAIC as an indispensible third party in defense to the claims made by GECAL, incorporating verbatim the claims from the original complaint in his suit against PAIC. GECAL and Robinson jointly dismissed the "original petition and reconventional demand" made in this second suit with prejudice prior to trial on the original suit by Robinson against PAIC.
Before the trial, Robinson dismissed Moore, Magruder and USF & G as part of a settlement. PAIC attempted to tender the limits of the UM policy ($10,000) to Robinson, who refused the tender and amended his suit to claim that the selection of the minimum limits for UM coverage by GECAL was improper and should be reformed to provide limits equal to the amount stated in the policy for bodily injury liability.
In ruling on the legal issues, the trial court denied PAIC's exception of res judicata based on the dismissal with prejudice of the GECAL suit; this court declined to exercise supervisory jurisdiction. Additionally, the trial court ruled that the selection *1111 of the lower UM limits was invalid, and held that Robinson's potential recovery under his UM benefits could be as high as $100,000, the amount specified for bodily injury liability coverage in his policy with PAIC. The trial judge rejected the plaintiff's contention that a policy specifying $1,000,000.00 liability coverage, attached as an exhibit to an earlier motion for summary judgment by PAIC, was a judicial admission of the limits of Frank Robinson's policy. The court found that the policy had been mistakenly attached and that it was not a policy pertinent to this case, and refused to recognize the erroneously attached policy as a judicial admission. The trial judge dismissed PAIC's cross claim against USF & G or Magruder, denying PAIC's right of subrogation against USF & G because Moore's vehicle was not listed on the insurance policy held by Magruder.

ASSIGNMENT OF ERRORS
Both Robinson and PAIC appeal from this judgment. PAIC contends that the court erred in not granting the exception of res judicata, in reforming the limits of the UM policy to the limits of the personal liability, and in dismissing its subrogation claim against Magruder and USF & G.
Robinson claims the court erred when it failed to accept the higher policy limits listed in the policy attached to PAIC's motion for summary judgment as a judicial admission and refused to amend the UM coverage up to the $1,000,000 limits of the attached policy. Robinson also cites the trial court's failure to cast PAIC for penalties and attorney's fees for its frivolous reliance on a patently invalid UM rejection form, for its failure to timely pay its UM coverage limit, and for its failure to tender medical payments due under its medical payments coverage clause.

RES JUDICATA
Res judicata is governed by LSA-R.S. 13:4231, which provides as follows:
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
Robinson joined PAIC as third party defendant in his action in reconvention against GECAL, incorporating his entire claim against PAIC into the GECAL suit. PAIC contends that the subsequent joint dismissal of that suit by Robinson and GECAL was a dismissal of the entire claim, including those claims brought against PAIC defensively by Robinson in its third party claim against PAIC. However, a close scrutiny of the text of the dismissal reveals that the parties "stated that they have settled and resolved all issues claims demands and controversies as raised in the original petition and the reconventional demand" (Emphasis supplied) and moved to dismiss only the "original and reconventional demand," without mention of the claims made by Robinson against the third-party defendant, PAIC.
The instant case is distinguishable from Cooper v. Louisiana Farm Bureau Casualty Ins., 481 So.2d 611 (La.1986), relied on by PAIC. In Cooper, the plaintiff brought suit against the tortfeasor, his insurer, and his own insurance carrier for UM coverage, and subsequently released all defendants by mistake. By definition, reconventional demands are limited to claims asserted against the plaintiff by the defendant. La. C.C.P. art. 1061. The dismissal here is specifically limited to the original demand and reconventional demand, without mention of the third-party defendant. We find no dismissal of the cause of action against PAIC, and thus affirm the trial court's denial of the exception of res judicata. REFORMATION OF UM COVERAGE TO THE LIMITS OF PERSONAL LIABILITY
At the time of the accident which forms the basis of this suit, LSA-R.S. 22:1406D(1)(a) (the UM Statute) provided as follows:
No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered ... in this state *1112 unless coverage is provided therein or supplemental thereto, in not less that the limits of bodily injury liability provided by the policy, ... for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness or disease including death, resulting therefrom; provided, however, that the coverage required under this subsection shall not be applicable where any insured named in the policy shall reject in writing the coverage or selects lower limits ...
This court has held in Quittem v. National Car Rental Systems, Inc., No. 90-CA-1033 (La.App. 4th Cir. May 30, 1991) that when an auto leasing agency contracts with a third party to provide insurance coverage, the agency then effectively "sells" a portion of that policy to each lessee, whether the insurance is included in the flat lease rate or as a separate charge. As a result the lessee becomes the "named insured" and, if not given the option to choose or waive UM coverage, the policy liability limits become the UM coverage by operation of law. See also Pollard v. Champion Ins. Co., 532 So.2d 838 (La.App. 4th Cir.1988). Both the second and fifth circuit courts of appeal in Louisiana concur, concluding that automobile leasing companies must give their lessees an opportunity to accept or reject UM coverage. Jones v. King, 549 So.2d 350 (La.App. 5th Cir.1989); Tapia v. Ham, 480 So.2d 855 (La.App. 2d Cir.1985); Ashline v. Simon, 466 So.2d 622 (La.App. 5th Cir.1985). In all three cases the courts held that the agencies, as lessors, could not reject UM coverage applicable to the lessee.
Frank Robinson obtained his insurance as part of his lease arrangement, paying a separate monthly charge of approximately $52 for insurance coverage as detailed in the lease agreement. He was not given any option with respect to UM coverage; indeed, no mention of UM coverage appears in the scheduled coverage. He would have been justified in believing that his policy provided him the statutory limits of UM insurance. Since Frank Robinson was not given the mandated option to choose lower rates or waive UM coverage completely, he is entitled to UM coverage equal to the amount of liability coverage provided in the GECAL policy.
The UM statute gives the insured the option to waive UM coverage, or to select lower limits. However, the insured must be able to select from a variety of coverage options, for the choice to be a meaningful choice necessary for a valid waiver. This court held in Aramburo v. Travelers Ins. Co., 426 So.2d 260, 261 (La. App. 4th Cir.1983) that a policy offering only a choice between UM coverage in an amount less than the bodily injury coverage or waiver of that coverage did not provide a "selection" of limits as required by law. This decision rests upon a long line of jurisprudence. Since PAIC failed to provide a variety of options so that a meaningful selection could be made, the decision to accept the offered $10,000 UM coverage rather than to waive UM insurance entirely, was not a valid "selection of lower limits," as required by the statute. For this reason also, the policy coverage for UM must be reformed by operation of law to make it equal to the amount stated for bodily injury coverage.
Early in the procedural history of this case, PAIC filed a motion for summary judgment, which was denied. Attached to that motion was a policy with a $1,000,000 limit for bodily injury. Evidence was presented at trial that this policy was attached in error, and was not the pertinent policy. Thus, the trial court correctly refused to consider the erroneously attached policy as a judicial admission by PAIC of the limits of Robinson's coverage. The trial court's refusal to reform the terms of the contract between PAIC and GECAL covering Robinson's vehicle $1,000,000 is affirmed.

SUBROGATION
We have reviewed the policies and the lease agreement between Moore and Magruder, as well as the insurance policies *1113 carried by Magruder. The lease agreement required that Moore carry his own insurance. Although Magruder insured some of its fleet with USF & G, the lease agreement clearly stated that Magruder carried no insurance on the particular truck leased. The USF & G policies list the specific vehicles insured, but Moore's vehicle is not among them. Louisiana Compulsory Motor Vehicle Liability Security Law requires owners to maintain insurance coverage on all vehicles owned by them, and PAIC argues that the public policy underlying the requirement makes Magruder liable for insurance coverage even for unscheduled automobiles under the omnibus coverage it holds on his fleet of vehicles. In this argument, PAIC relies on Rudison v. Richard, 526 So.2d 369 (La. App. 4th Cir.1988), in which this court held that the exclusion by endorsement of one who otherwise would have been covered as an omnibus insured was contrary to public policy and the intent of the law. Rudison may be distinguished from the present case. Mr. Moore was not excluded by endorsement, he was simply never included under any policy held by Magruder. Additionally, he does not fall into the group of those who might be included as omnibus insureds.
Failure to maintain insurance as required under the Compulsory Motor Vehicle Liability Security Statute may subject Magruder to action for failure to comply with the law, as specifically provided for by LSA R.S. 32:863-865. However, "the enumerated penalties do not include liability to victims of accidents caused by uninsured vehicles." Friday v. Mutz, 483 So.2d 1269, 1271 (La.App. 4th Cir.1986). "This court has held that the owner-lessor of an uninsured vehicle is not subject to a civil cause of action by a third party injured in an accident with the lessee of the car, an uninsured motorist." Dickerson v. Boom, 532 So.2d 814 (La.App. 4th Cir.1988). The rights of PAIC in subrogation are no greater than the rights of the plaintiff. We affirm the lower court's finding that PAIC has no rights in subrogation against USF & G.

REQUEST FOR PENALTIES
Review of both the trial record and the court records from the inception of this case reveals multiple procedural delays, difficulties with discovery, and obvious ill will between the parties, which has served the interests of neither the plaintiff nor the defendants. However, the record supports the trial court's decision that the insurance company's delays in paying the claim in the amount of the policy as it stood at the time ($10,000) were not arbitrary and capricious. We therefore affirm the trial judge's decision not to award penalties and attorney's fees for the failure to tender the amount of the policy at an earlier time. The request for damages for failure to pay medical expenses from the medical coverage carried by PAIC when the accident is caused by an uninsured motorist was not briefed, and will not be addressed.

CONCLUSION
For the above and foregoing reasons, the trial court judgment is affirmed in all respects.
AFFIRMED.