587 So.2d 831 (1991)
Linelle AKERS
v.
AVIS RENT-A-CAR, Ivory Molason and Frank C. Cruz and Quick Arrival Cab Service.
No. 91-CA-0177.
Court of Appeal of Louisiana, Fourth Circuit.
October 15, 1991.
Rehearing Denied November 13, 1991.
*832 Barbier & Cumberland, J. Michael Cumberland, Carl Joseph Barbier, New Orleans, for plaintiffs-appellants Linelle Akers and Carlos Weber.
Turner, Young, Hebbler & Babin, George P. Hebbler, Jr., New Orleans, for defendants-appellees Avis Rent-A-Car System, Inc. and Pathfinder Ins. Co.
Before KLEES, BRYNES and PLOTKIN, JJ.
KLEES, Judge.
Plaintiffs appeal the trial court's summary judgment which dismissed defendants Avis Rent-A-Car System, Inc. and Pathfinder Insurance Company from this lawsuit. We reverse.
On August 16, 1988, plaintiffs Linelle Akers and Carlos Weber were passengers in a car which collided with a taxi cab on Interstate 10. The car in which plaintiffs were riding was being driven by Frank C. Cruz. Akers, Weber and Cruz were all employees of WSJN Channel 24 News in Puerto Rico and were in New Orleans covering the Republican National Convention. The car Cruz was driving had been rented from Avis Rent-A-Car System, Inc., by Channel 24 through Akers. At the time of the accident, Cruz had picked up Akers and Weber from the Superdome where they had been working, and the three were returning to their hotel in Jefferson Parish.
The rental agreement on the Avis vehicle stipulated that any permissive users of the car would be covered by liability insurance. This coverage was to be provided by Avis either through a liability policy from an insurance company or by a certificate of self-insurance. Pursuant to this agreement, Avis purchased a liability policy from Pathfinder Insurance Company.
Plaintiffs filed suit against Cruz, Avis and Pathfinder, as well as against the owner and driver of the taxi cab. Avis and Pathfinder brought a motion for summary judgment urging that plaintiffs' claims against them should be dismissed because: (1) The Pathfinder policy excludes coverage for bodily injury to any fellow employee of the insured arising out of or in the course of the fellow employee's employment; (2) Under Louisiana law, plaintiffs' exclusive remedy against their co-employee for this work-related accident is worker's compensation; (3) The Pathfinder policy does not provide uninsured/underinsured motorist coverage; and (4) Avis, as owner and lessor of the vehicle, has no independent or vicarious liability for the accident.
After hearing the arguments, the trial court granted the motion for summary judgment, dismissing Avis and Pathfinder from the lawsuit. In his Reasons for Judgment, the trial judge stated that plaintiffs' exclusive remedy against their co-employee is under La.R.S. 23:1032, the Louisiana Worker's Compensation Act, and that the co-employee exclusion in the Pathfinder policy provides Avis and Pathfinder immunity from suit whenever worker's compensation applies.
On appeal, plaintiffs contend that the trial court erred in enforcing the fellow employee exclusion because the language of the exclusion is ambiguous, and because the application of the exclusion to this situation violates the express public policy of Louisiana with regard to compulsory insurance. In addition, plaintiffs argue that the lower court erred in failing to recognize the duty of Avis to provide uninsured motorist *833 coverage to its lessees in the absence of a specific written rejection by them of such coverage.
We agree with plaintiffs that the summary judgment was improper. Although we find no genuine issues of fact, the district court wrongly concluded that Avis and Pathfinder were not liable as a matter of law.
Initially, we note that the trial judge was correct to apply Louisiana law to this case. Plaintiffs suggest in their brief that because they themselves and Frank Cruz are residents of Puerto Rico, the law of that jurisdiction should govern. We disagree. Although the plaintiffs and one defendant reside in Puerto Rico, the driver of the taxi cab is a Louisiana resident, Avis is a New York corporation doing business in Louisiana and Pathfinder is a foreign insurance company which issued a policy to Avis in New York. The accident took place in Louisiana; both vehicles were housed in Louisiana; and the rental contract on the Avis vehicle was signed in Louisiana. Under these circumstances, it is appropriate to apply the law of the forum. Louisiana courts have not hesitated to apply Louisiana worker's compensation law in cases where compensation was sought by non-resident workers against their non-resident employers, as long as the injury occurred in Louisiana. See Banks v. Carl Ott Poles and Piling Inc., 440 So.2d 803 (La.App. 1st Cir.1983), writ denied, 444 So.2d 1244 (La. 1984.)
The summary judgment granted to Avis and Pathfinder is based on a clause in the Pathfinder insurance policy which reads:
B. EXCLUSIONS
This insurance does not apply to any of the following:
. . . .
5. FELLOW EMPLOYEE
"Bodily injury" to any fellow employee of the "insured" arising out of and in the course of the fellow employee's employment.
Plaintiffs first argue that the exclusion doesn't apply because the word "insured" is ambiguous. The policy provides that Avis is the "named insured," as well as "individuals for which the named insured has the responsibility of placing insurance...." Generally, this type of exclusion refers to claims of injury made by an employee of the named insured. See, e.g.: Wilson v. State Farm Mutual Automobile Insurance Co., 540 So.2d 749 (Al. 1989). In the instant case, plaintiffs are not employees of Avis. In fact, the two plaintiffs and defendant Cruz are "fellow employees" of a third party, WSJN Channel 24. Under the circumstances, we find the terminology "fellow employee of the `insured'" to be ambiguous.
Plaintiffs next argue that the fellow employee exclusion is unenforceable because it violates the public policy of Louisiana as reflected in the Compulsory Motor Vehicle Liability Security Act, La.R.S. 32:861 et seq., which generally requires that every vehicle be covered by a policy of liability insurance. Although our courts have not considered this exact issue before, we have on several occasions considered whether various other exclusions in insurance policies were in violation of the compulsory insurance law. In Rudison v. Richard, 526 So.2d 369 (La.App. 4th Cir.1988), we held that the "automobile business" exclusion, which denied coverage of an owned auto being used by a person other than the named insured when that person was engaged in the auto business, violated the compulsory insurance law. In that case, we stated:
The purpose of a compulsory liability law is to protect and provide for compensation to persons injured as a result of the motor vehicles operated in this state. [Citing Fields v. Western Preferred Cas. Co., 437 So.2d 344 (La.App. 2d Cir.1983), writ denied, 440 So.2d 528]. By making reference to, and including R.S. 32:900(B)(2) as part of the compulsory law, we are of the opinion the legislature intended that, not only those persons named in the policy be insured, but also any other person who uses the vehicle with the permission of the owner.
Id. at 371. Accord: Louisiana Farm Bureau Casualty Ins. Co. v. Darjean, 554 *834 So.2d 1376 (La.App. 1st Cir.1989), writ denied, 558 So.2d 571 (La.1990).
Recently, in Morris v. American Surety & Fidelity Ins. Co., 573 So.2d 1227 (La. App. 4th cir.1991), we held that the "business use" clause, which excluded coverage of the named insured while using the car for business purposes (unless he had paid the premium for business use) did not violate public policy. In that case, we distinguished Rudison and Louisiana Farm Bureau by noting that:
... [I]n each of those cases the court relied on the provisions of La.R.S. 32:900(B)(2) to extend coverage to a non-named insured using the insured vehicle with the owner's permission. That statute requires that an owner's liability policy "insure the person named therein and any other person, as insured, using any such motor vehicle ... with the express or implied permission of such named insured...." The result of each holding was to insure the non-named driver, who had the owner's permission, to the same extent of the coverage provided to the named insured. That is, the coverage was extended to persons rather than risks.
Id. at 1230. The court then upheld the business use exclusion on the grounds that it excluded a specific risk rather than permissive users.
In the instant case, the exclusion in question attempts to deny coverage to those permissive users who are fellow employees of the insured. In accord with the foregoing jurisprudence, we find this exclusion of coverage to permissive users to be in violation of Louisiana's public policy as expressed in its compulsory insurance law. Because we find the exclusion to be unenforceable, we hold that the trial judge erred in dismissing Pathfinder from the lawsuit on the basis that no liability coverage existed.
Plaintiffs also argue that the trial court erred in ruling that uninsured/underinsured motorist coverage is not available to them. The Pathfinder policy contains a specific written rejection of UM coverage executed on behalf of Avis. However, the lessee was not given the option in its contract with Avis to specifically accept or reject uninsured motorist coverage. (In fact, the contract recites that the lessee rejects such coverage). In Robinson v. Moore, 580 So.2d 1109 (La.App. 4th Cir. 1991) and Quittem v. National Car Rental Systems, Inc., 582 So.2d 1337 (La.App. 4th Cir.1991), we held that La.R.S. 22:1406(D), the "Uninsured Motorist Statute," requires that an automobile leasing company give to its lessees the opportunity in writing to accept uninsured motorist coverage or to reject such coverage and select lower limits; if the company fails to give this option, the policy will be reformed to provide UM coverage equal to the amount of liability coverage provided. Accordingly, the rejection of uninsured/underinsured motorist coverage by Avis in the Pathfinder policy cannot bind Avis' lessee because Avis failed to give the lessee the option to accept or reject such coverage, as is required by law. We therefore find that Avis is liable by virtue of its leasing contract to provide uninsured/underinsured motorist coverage in this instance up to the same limits as its liability coverage.
Accordingly, for the reasons given, we reverse the summary judgment dismissing Avis and Pathfinder from this action and remand this matter to the district court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.