SCHOTT, Chief Judge.
Plaintiff’s uninsured motorist (UM) claim against National Car Rental Systems, Inc., was dismissed on National’s exception of prescription and plaintiff has appealed. The issue is whether National’s failure to obtain an express rejection of UM coverage from plaintiffs host-driver makes the prescription statute inapplicable to the ease.
On March 23, 1988, plaintiff was a passenger in an automobile driven by Tallman and rented from National. A hit-and-run driver caused an accident and plaintiff was injured. He filed the present suit against National on January 29, 1991. The trial court sustained National’s exception of a two year prescriptive period under LSA-R.S. 9:5629 and dismissed plaintiffs suit. On appeal plaintiff argues that this statute does not apply under the facts of this ease.
R.S. 22:1406(D) mandates coverage for UM insurance in an automobile liability insurance policy unless the insured rejects the UM coverage in writing. This statute requires an automobile leasing company to give its lessee the opportunity in writing to accept or reject UM coverage; and if the company fails to give this option the policy will be reformed to provide UM coverage equal to the amount of liability coverage provided. Akers v. Avis Rentr-A-Car, 587 So.2d 831, 834 (La.App. 4th Cir.1991), unit denied 592 So.2d 1299.
In his brief plaintiff states that National’s policy provides as follows:
The above arrangement will not provide “uninsured motorist”, “underinsured motorist” coverages or minimum “no fault” or any supplemental no fault coverages, unless they are required to be provided by applicable law and cannot be rejected. If required and not rejeetable, the limits will be the minimum required by law.
R.S. 9:5629 provides as follows:
Actions for the recovery of damages sustained in motor vehicle accidents brought pursuant to uninsured motorist provisions in motor vehicle insurance policies are prescribed by two years reckoning from the date of the accident in which the damage was sustained.
Plaintiff argues that National’s failure to provide Tallman with the option in writing to accept or reject UM coverage as required by R.S. 22:1406(D) and the Akers case results in UM coverage being supplied to him as a matter of law. Consequently, plaintiff contends that R.S. 9:5629’s prescription of two years is not applicable because this statute applies only to claims brought pursuant to UM provisions “in motor vehicle insurance policies” and not to this claim which arises from the law and not a policy.
This argument is without merit. The Ak-ers case and its predecessors, such as Quit-tem v. National Car Rental Systems Inc., 582 So.2d 1337 (La.App. 4th Cir.1991) and Robinson v. Moore, 580 So.2d 1109 (La.App. 4th Cir.1991), consider an automobile lease contract as the equivalent of an insurance policy whether the lessor is self insured or has an underlying policy of automobile liability insurance. In either case, where the lessee fails to reject UM coverage in writing the lease eontract/insurance policy is reformed by operation of law to provide the UM coverage. Consequently, the UM coverage in the present ease was provided by the lease con-tracVinsurance policy so that the two year prescriptive period of R.S. 9:5629 applies.
Accordingly, the judgment appealed from is affirmed.

AFFIRMED.