2SCHOTT, Chief Judge.
This appeal is by Agency Rent—A—Car from a summary judgment in favor of plaintiffs obliging Agency to provide plaintiffs with uninsured motorists (UM) insurance coverage. The issue is whether a car rental contract between the parties can be construed to place this obligation on Agency.
Plaintiff, Mrs. Melerine, was involved in an automobile accident with Mark G. Boba. He was insured for $10,000. Mrs. Melerine was injured to the extent that her damages would probably exceed Boba’s policy limits and Mrs. Melerine’s UM insurer, if any, would become liable for some of her damages.
At the time of the accident Mrs. Melerine was driving an automobile she rented from Agency. Her own automobile was out of service being repaired at the time. On the first page of the rental agreement was the following:
Customer represents and warrants that he has a valid policy of automobile liability, collision and comprehensive insurance in force at the time of this rental and further represents and warrants that he shall maintain said policy of automobile insurance in force during the term of this rent *149 al. Lessor, relying on said warranty and representation, is not providing automobile liability, collision, comprehensive and/or medical expenses insurance to the Customer or any person operating, using or otherwise occupying said Vehicle.
3Mrs. Melerine signed on the line below this paragraph.
On the reverse side of the contract are for the following terms and conditions:
The three provisions are as follows:
1.Lessor as a motor vehicle rental company, is required by legislative enactment to provide liability protection on this vehicle in the states listed below subject to the same limitations:
Arizona
Georgia
Massachusetts
North Carolina
California
Kansas
Michigan
Pennsylvania
Colorado
Kentucky
Minnesota
South Carolina
Connecticut
Maryland
Nevada
Virginia
Wisconsin
Lessor will settle or defend, as it considers appropriate, any claim or suit seeking damages for bodily injury or property damage up to the MINIMUM dollar amount required for any one (1) rental automobile, per occurrence, in accordance with the applicable motor vehicle financial responsibility laws of the state in which the agreement of rental was executed by the parties hereto. In addition to our limits of liability, we will pay all defense costs we incur. Our duty to settle or defend shall end when our limits of liability coverage have been exhausted by tendering such limits. The foregoing indemnification and hold harmless provision shall be applicable only to losses arising out of the authorized use of the vehicle. Without limitation because of enumeration the aforesaid indemnification and Hold Harmless Agreement shall not apply (a) to any obligations for which the Customer or driver of the vehicle, or the employer of either or any insurance carrier, may be held liable under and workman’s compensation or disability benefits law under any similar law; (b) to any obligation assumed by the Customer or driver under any contract of whatever nature; (c) to any liability of any Customer or driver, or employer or either, caused while the vehicle is being used for the transportation of persons or property for hire, expressed or implied. Lessor, as a qualified self-insurer, is not an insurer and is not extending any insurance coverage to the Customer, either primary or excess, nor uninsured or underinsured coverage unless expressly required by the laws of the state in which this agreement of rental was executed. To the extent that said coverages may be expressly required by law lessor will settle or demand as it considers appropriate any claim or suit seeking damages for bodily injury up to the MINIMUM dollar amount required for any one automobile per occupance in accordance with the applicable motor vehicle financial responsibility law laws of the state in which this agreement of rental was executed by the parties hereto. This coverage may not under any circumstances be stacked with any other available coverages and Lessor shall be entitled to and all set offs from other policies of automobile insurance, med pay policies, PIP, worker’s compensation benefits, and any other benefits that Customer may recover as a result of accidental injury.
2. Lessor agrees to indemnify and hold harmless Customers and authorized operators only during the term of the Agreement of bodily injury, property damage, uninsured motorist and economic loss coverage up to a minimum mandatory Maryland insurance requirements for any one (1) rental automobile, per occurrence.
3. CUSTOMER REPRESENTS AND WARRANTS THAT CUSTOMER SHALL DEFEND, INDEMNIFY AND HOLD LESSOR HARMLESS FROM AND AGAINST ANY AND ALL LOSSES, LIABILITIES, DAMAGES, INJURIES, CLAIMS, DEMANDS, COSTS AND EXPENSES WHICH EXCEED THE LIMITS OF THE MINIMUM DOLLAR AMOUNT REQUIRED BY THE APPLICABLE MOTOR VEHICLE FINANCIAL RESPONSIBILITY LAWS OF THE STATE IN WHICH THIS AGREEMENT OF RENTAL WAS EXECUTED. CUSTOMER ALSO REPRESENTS AND WARRANTS THAT CUSTOMER SHALL SATISFY ALL FINES PENALTIES, AND FORFEITURES, IMPOSED UNDER AND FEDERAL, STATE OR MUNICIPAL STATUTE LAW, ORDINANCE RULE, REGULATION OR INSURANCE POLICY PRO *150 VISION TO THE EXTENT NOT COVERED BY THE INDEMNIFICATION AND HOLD HARMLESS PROVISIONS OF THIS AGREEMENT OR ANY OTHER APPLICABLE INSURANCE POLICY.
Following these provisions are numbered paragraphs 4 through 18 which contain other conditions having no application to the issue herein.
The trial court adopted plaintiffs’ contention that the second paragraph 14quoted above creates some sort of an ambiguity or doubt as to whether UM coverage was being provided or not and on this basis interpreted the contract against Agency as the party who drafted the contract. In doing so the trial court applied LSA-C.C. art. 2056 which provides as follows:

Standard-form contracts

In case of doubt that cannot be otherwise resolved, a provision in a contract must be interpreted against the party who furnished the text.
A contract executed in a standard form of one party must be interpreted, in case of doubt, in favor of the other party.
We have concluded that this approach was erroneous not only because it failed to give full effect to C.C. art. 2056, but it is otherwise an over simplification of the law on UM coverage.
First, art. 2056 applies only to the case where doubt as to the meaning of a contract cannot be otherwise resolved. This necessarily refers to preceding articles in the Code governing interpretation of contracts. Pertinent is the rule that each provision in a contract must be interpreted in light of other provisions. Art. 2050.
When these three paragraphs are read together and with the paragraph on the first page in which Mrs. Melerine warranted that she had her own liability insurance coverage and acknowledged that Agency was not providing liability coverage, it is readily apparent that the exception to the paragraph on the first page is being acknowledged by Agency to exist only in those enumerated states where, irrespective of the warranty and acknowledgment on the first page, Agency is obliged by law to provide liability insurance coverage anyway. In the first numbered paragraph of conditions quoted above is the following pertinent provision:
15Lessor, as a qualified self-insurer, is not an insurer and is not extending any insurance coverage to the Customer, either primary or excess, nor uninsured or under-insured coverage unless expressly required by the laws of the state in which this agreement of rental was executed.
The law of Louisiana does not require a self-insurer to extend UM coverage. Jones v. Henry, 542 So.2d 507 (La.1989); Jordan v. Honea, 407 So.2d 503 (La.App. 1st Cir.1981), writ denied 409 So.2d 654, 660 (La.1982). Consequently, the last quoted provision of the rental contract negates UM coverage to the customer in Louisiana. Read in context with this provision, numbered paragraph 2 cannot be read to afford UM coverage in Louisiana. The paragraph must be read to apply only to contracts executed in those states enumerated in the previous paragraph which require liability coverage.
Still another consideration leads us to conclude that the judgment of the trial court is erroneous. If numbered paragraph 2 were taken out of context and interpreted to mean that Agency was providing UM coverage, the result would be the existence of UM coverage without the existence of a policy of liability insurance. In Footnote 4 in Jones v. Henry the Supreme Court stated as follows:
R.S. 22:1406(D) and R.S. 32:861, when read together, lead to no other conclusion except that there must be a policy of insurance in effect in order to trigger the requirement of UM coverage. See Jordan v. Honea, 407 So.2d 503 (La.App. 1st Cir. 1981), writ denied, 409 So.2d 654 (La.1982).
This leads to no other conclusion but that there cannot be any UM coverage in the present case because there is no liability policy to trigger such coverage.
Accordingly, the judgment appealed from is reversed and set aside and the motion for summary judgment filed by plaintiffs to oblige Agency Rent-A-Car | (¡to provide them with UM coverage is denied. All costs of this appeal are assessed against plaintiffs with other costs to await the outcome of the case. The case is remanded to the trial court for further proceedings.

REVERSED AND REMANDED.

*151 h.PER CURIAM
Appellees apply for a rehearing en banc based upon the argument that our original opinion is in conflict with Tallman v. Champion Insurance Company, 635 So.2d 1328 (La.App. 4 Cir.1994). This argument is without merit.
In Tallman the automobile rental company supplied liability insurance as a qualified self-insurer to its customer, Tallman. The same situation existed in Akers v. Avis Rent-A-Car, 587 So.2d 831 (La.App. 4th Cir.1991) writ denied 592 So.2d 1299 which is cited and followed in Tallman. In the present ease the ear rental company provided no liability insurance to plaintiffs as specifically stated on the first page of the contract and acknowledged by plaintiffs.
Since there is no conflict with our previous cases there is no need for a referral of this case to the court en banc. The application for rehearing is denied.