hDUFRESNE, Judge.
The only question in this appeal is whether the fleet automobile liability policy at issue was a “renewal” policy, for which the previous year’s waiver of uninsured motorist coverage remained valid, or whether it was a “new” policy, thus requiring that a new waiver of UM coverage be executed. The trial judge found that it was a “renewal” policy for which the prior waiver remained valid, and therefore that there was no UM coverage for the accident which underlies this litigation. For the following reasons, we agree with the trial judge.
There are no factual disputes. Adolph Su-thoff, plaintiff-appellant, was an employee of a subsidiary of Chevron Corporation on June 2, 1990, when he was in an automobile accident in a company car. Chevron then had in force an automobile liability policy with Insurance Company of North America (INA) which covered all automobiles owned by the corporation or its subsidiaries, including the one being driven by plaintiff. At the beginning of the March 1, 1989-March 1, 1990 policy period, Chevron, in keeping with its corporate ^policy of not purchasing uninsured motorist coverage in states where it is optional, had executed a waiver of UM coverage on the policy. On March 1, 1990, the policy was renewed with identical terms, coverages and limits for another year. However, no new waiver of UM coverage was executed in conjunction with the renewal. Both policies provided liability coverage for all vehicles owned by Chevron and its subsidiaries, but neither contained a schedule or listing of the individual vehicles covered. Instead, the policy stated that it covered all vehicles for which Chevron “has evidenced coverage by issuing a certificate of insurance, vehicle identification card or regulatory filing.” In Louisiana, INA provided Chevron with blank “proof of insurance” cards which the corporation would simply fill out with the vehicle identification numbers and place in the glove compartments of any cars acquired by it. Any car for which such a card had been filled out and placed in the vehicle became automatically insured under the INA policy.
Pursuant to La.R.S. 22:1406D(l)(a)(i), every Louisiana automobile liability insurance policy must provide uninsured or underin-sured motorist coverage equal to the limits for bodily injury of the basic policy. However, this UM coverage may be selected in lesser amounts than the basic policy, or rejected altogether, if done in writing on the appropriate forms. That statute further pertinently provides that:
Such coverage need not be provided in or supplemental to a renewal, reinstatement, or substitute policy where the named insured has rejected the coverage or selected lower limits in connection with a policy previously issued to him by the same insurer or any of its affiliates.
|3If, therefore, the policy at issue here is a “renewal” policy, as that term is used in the statute, then clearly the waiver of UM coverage executed for the 1989-90 policy year remained valid for the 1990-91 year.
The term “renewal” is used in several statutes in our insurance code, but nowhere does a precise definition appear, except in a statute regarding cancellation of automobile liability policies which insure individuals. That statute, La.R.S. 22:636.1(A)(5), states that:
(5) “Renewal” or “to renew” means the issuance and delivery by an insurer of a policy replacing at the end of the policy period a policy previously issued and delivered by the same insurer, or the issuance and delivery of a certificate or notice extending the term of a policy beyond its policy period or term....
Nonetheless, Article 13 of our Civil Code provides that “[l]aws on the same subject matter must be interpreted in reference to each other.” Applying that rule of interpretation in the present case, we hold that the definition of “renewal” given above is applicable to commercial automobile fleet policies as well as individual policies, and that the term “renewal” as used in La.R.S. 22:1406(D)(l)(a)(i) should be so understood, see Troha v. State Farm Insurance Co., 606 So.2d 89 (La.App. 3rd Cir.1992.)
*695 We now turn to the question of whether the policy it issue here is to be construed as a “renewal” policy, or not. The case of Borde-lon v. Jackson, 499 So.2d 392 (La.App. 4th Cir.1986), involved almost exactly the same factual situation as is present here. There, the policy at issue was for a fleet of cars owned by the insured. It did not include any listing of the specific vehicles covered, but rather provided liability coverage for any vehicle then owned or acquired by the Insured. A waiver of UM coverage had been executed in conjunction with a policy for a previous term and the insurer urged that that waiver was valid as to the subsequent policy term. The court noted that the policy did not describe each covered vehicle, nor did it require a new policy each time a vehicle was either added or deleted from the insured’s fleet. Although it did not explicitly state that the policy was a “renewal” policy, it did hold that the waiver from the prior policy was valid as to the next policy, thus implicitly relying on the provisions of La.R.S. 22:1406(D)(l)(a)(i) in regard to such prior waivers. We agree with this analysis.
In the ease before us, the policy in question was unquestionably issued and delivered by the same insurer at the end of the previous policy period, and the second policy was exactly like the first in regard to terms, coverages and limits. That coverage extended to all cars owned by Chevron or any of its affiliates, with the only condition for such coverage being that Chevron fill out and place in any vehicle it acquired a “proof of insurance” identification card. Given these facts, it is this court’s opinion that the policy was indeed a “renewal” policy, and pursuant to La.R.S. 22:1406(D)(l)(a)(i), the previously executed waiver of UM coverage remained valid.
For the foregoing reasons, we hereby affirm the decision of the district court granting summary judgment in favor of Insurance Company of North America on this issue.

AFFIRMED.